Cordero, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
La co-demandada, la Cooperativa de Seguros de Vida de Puerto Rico (COSVI), solicita mediante recurso de apelación, la revisión de la sentencia sumaria final dictada por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Vega Baja. Mediante dicha sentencia se declaró Con Lugar la demanda presentada, condenando a la COSVI a pagar a la demandante, la Cooperativa de Ahorro y Crédito Comunal de Dorado (Cooperativa de Ahorros), $5,509.24 de principal, más los intereses vencidos sobre dicho principal, al 10% anual desde el 23 de julio de 1991, más $2,625.00 en honorarios de abogado, más las costas. A continuación un breve resumen de los hechos.
I
El 4 de mayo de 1993 la parte demandante, la Cooperativa de Ahorros, radicó ante el Tribunal de Instancia una demanda en cobro de dinero, incluyendo como parte demandada a la Sra. Aurora Colón López (Sra. Colón). El 5 de agosto de 1993 la Cooperativa de Ahorros presentó un escrito de demanda enmendada mediante el cual añadió como co-demandados a *1032 los Sres. Juan Rentas Hernández y Lorenzo Calderón Rosario, alegando que éstos eran deudores solidarios de la Sra. Colón, y reclamando el pago por éstos, solidariamente, de una deuda de $5,509.24 de principal, los intereses vencidos, al 10% anual, más $2,625.00 en honorarios de abogados, más los costos del pleito.
Todos los antes mencionados demandados comparecieron y alegaron, entre otras cosas, que la deuda reclamada estaba cubierta por una póliza de seguros expedida por COSVI a favor de la Sra. Colón, ya que ésta cumplía con los requisitos de dicha póliza para el pago, por haberse incapacitado total y permanentemente.
El 16 de abril de 1994 la Cooperativa de Ahorros sometió un escrito de Enmienda a la Demanda Enmendada incluyendo por primera vez a COSVI. En síntesis, en la misma se alegaba que COSVI respondía del pago de la totalidad de la deuda en virtud de la incapacidad de la Sra. Colón, ello a tenor con la póliza de seguro de vida de crédito y seguro de incapacidad de crédito expedida por la COSVI.
COSVI compareció contestando la demanda el 8 de agosto de 1994 negando responsabilidad por razón de prescripción. Se alegó que de conformidad con los términos de la póliza, la acción estaba prescrita porque habían transcurrido más de 24 meses desde la alegada incapacidad.
Así las cosas, y luego de un período de descubrimiento de prueba, se señaló la Conferencia con Antelación al Juicio, por lo cual las partes sometieron al Tribunal de Primera Instancia, el 20 de junio de 1995, su Informe de Conferencia Preliminar entre Abogados, en el cual estipularon, entre otras cosas lo siguiente: (A) que la deuda reclamada por la Cooperativa de Ahorros era cierta, líquida y exigible, (B) que la Sra. Colón había dejado de pagar el préstamo personal debido a una condición de enfermedad que surgió el 26 de agosto de 1991 y, (C) que el pago de las primas de la póliza se efectuó a la misma fecha en que adquirió la obligación del préstamo.
En vista de los hechos estipulados, el día 11 de agosto de 1995 la Cooperativa de Ahorros radicó una Moción de Sentencia Sumaria, alegando que la única controversia a resolverse era quién debía de pagarle a la Cooperativa de Ahorros, si COSVI por virtud del referido seguro, o las demás partes demandadas, por no proceder la reclamación contra COSVI.
El 22 de diciembre de 1995 el Tribunal de Instancia determinó que la COSVI era responsable de la deuda por la que condenó a la misma a pagar a la Cooperativa de Ahorros $5,509.24 de principal, más los intereses vencidos sobre dicho principal al 10% desde el 23 de julio de 1991, más $2,625.00 en honorarios de abogado, más las costas del pleito.
Contra dicho dictamen, COSVI interpuso la presente apelación alegando que el Tribunal de Instancia había errado al determinar que la reclamación contra la COSVI no estaba prescrita.
II
La póliza de seguro expedida por COSVI a favor de la Sra. Colón exigía al beneficiario el cumplimiento de varios requisitos. COSVI arguye que la Sra. Colón no cumplió con uno de ellos: reclamar a COSVI a partir de dos años de haber surgido la incapacidad.
En cuanto al requisito de dos años, la póliza dispone lo siguiente:

"Pago de Reclamaciones

Los beneficios que provee este contrato, se pagarán no más tarde de cuarenta y cinco (45) 
*1033
días después de la fecha de recibo de la reclamación debidamente cumplimentada y acompañada por evidencia satisfactoria de que el Deudor Asegurado ha sufrido una pérdida • cubierta por la póliza, siempre y cuando tal reclamación haya sido sometida dentro de los siguientes veinticuatro (24) meses de la ocurrencia de la pérdida."

El artículo 1873 del Código Civil, 31 L.P.R.A. see. 5303, establece tres formas de interrupción de la prescripción de las acciones: (1) el ejercicio de la acción ante el tribunal, (2) la reclamación extrajudicial por el acreedor, y (3) cualquier acto de reconocimiento de deuda por el deudor. Por otro lado, por consideraciones de justicia, se estima que el término para ejercer las acciones corre a partir, no desde que se sufre el daño reparable, sino desde que se conocen todos los elementos para ejercer la acción. Vega Lozada v. J. Pérez & Co., _ D.P.R. _ (5 de abril de 1994), 94 J.T.S. 56, pág. 11806.
Según se estipuló en el Informe de Conferencia Preliminar entre abogados, la Sra. Colón fue encontrada total y permanentemente incapacitada el 26 de agosto de 1991; por lo tanto, es en esta fecha que comienza a transcurrir el tiempo para reclamarle a COSVI. En el presente caso, la demanda original fue presentada el 4 de mayo de 1993, o sea, antes de haber transcurrido los dos años requeridos en la póliza para reclamarle a COSVI.
La Regla 13.3 de Procedimiento Civil dispone en lo que resulta pertinente:

"Regla 13.3 Retroactividad de las enmiendas

Siempre que la reclamación o defensa expuesta en la alegación enmendada surgiere de la conducta, acto, omisión o evento expuesto en la alegación original, las enmiendas se retrotraerán a la fecha de la alegación original."

Siempre que la reclamación o defensa surgiere de la conducta, acto, omisión o evento expuesto en la alegación original, las enmiendas se retrotraen a la fecha de la alegación original. Para ello no importa que la enmienda se haga pasado el término prescriptivo. El Tribunal Supremo ha especificado que cuando existe una relación de solidaridad entre los deudores, como en el presente caso, puede enmendarse la demanda luego de transcurrido el término prescriptivo, siempre y cuando uno de los deudores solidarios haya sido traído en tiempo y la reclamación contra el incluido, en la demanda enmendada, surja de los hechos comunes que dieron origen a la demanda original. Víctor Ortiz Díaz y otros v. R & R Motors Sales Corp. y otros, _ D.P.R. _ (26 de octubre de 1992), 92 J.T.S. 140, pág. 10,040; Arroyo v. Hospital de la Concepción, _ D.P.R. _ (5 de junio de 1992), 92 J.T.S. 66, pág. 9536.
A tenor con lo dispuesto anteriormente, aun habiendo sido traída COSVI al pleito el 16 de abril de 1994, la reclamación en su contra se retrotrae a la fecha de la demanda original, 4 de mayo de 1993.
III
Por los fundamentos antes expresados, se confirma la sentencia apelada.
Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General